[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2010
JOHN LEY
CLERK

No. 09-11556
Non-Argument Calendar
_____

D. C. Docket No. 07-00606-CV-T-23-MSS

WARREN DARREL SMITH,

Plaintiff-Counter-
Defendant-Appellee,

versus

P. VAVOULIS,
Deputy/Correctional Officer,
B. BORS,
Deputy/Correctional Officer,

Defendants-Counter-
Claimants-Appellants,

BOB WHITE, Sheriff,

Defendant-Counter-Claimant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 19, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants Peter Vavoulis and Benjamin Bors bring this interlocutory appeal from the district court's order denying their motion for summary judgment on the basis of qualified immunity in Warren Smith's 42 U.S.C. § 1983 action against them. In the case at hand, Smith alleges that Vavoulis and Bors used excessive force against him, in violation of the rights secured to him as a pretrial detainee under the Fourteenth Amendment. Vavoulis and Bors contend that the district court erred in denying their claim of qualified immunity because the district court failed to consider the extent of Smith's alleged injuries. They argue that Smith's alleged injuries were de minimis; therefore, Smith cannot prevail on his claim of excessive force and summary judgment should be granted on the basis of qualified immunity.

"We review the denial of summary judgment on qualified immunity grounds de novo." Reams v. Irvin, 561 F.3d 1258, 1262-63 (11th Cir. 2009) (quotation marks omitted). At the summary judgment stage, all issues of material fact are resolved in favor of the plaintiff, and then, under that version of the facts, the legal question of whether the defendant is entitled to qualified immunity is determined. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003). "[I]f the evidence at the

2

summary judgment stage, viewed in the light most favorable to the plaintiff, shows there are facts that are inconsistent with qualified immunity being granted, the case and the qualified immunity issue along with it will proceed to trial." Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir. 2002).

In ruling on the qualified immunity issue, we engage in a two-step analysis: (1) whether the facts alleged, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and, if so, (2) whether the right violated was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).[1] "For claims of excessive force in violation of the Eighth or Fourteenth Amendments, however, a plaintiff can overcome a defense of qualified immunity by showing only the first prong, that his Eighth or Fourteenth Amendment rights have been violated." Fennel v. Gilstap, 559 F.3d 1212, 1216-17 (11th Cir. 2009).

A pretrial detainee's claim of excessive force is governed by the Due Process Clause of the Fourteenth Amendment. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). Such claims are analyzed under the same standard as a prisoner's claim under the Eighth Amendment. Id.

---

[1]The Supreme Court recently held that, "while the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory." Pearson v. Callahan, --- U.S. ----, 129 S.Ct. 808, 818 (2009).

3

To establish a claim for excessive force, a plaintiff must establish both a subjective and objective component. Subjectively, a plaintiff "must prove that 'force was applied ... maliciously and sadistically for the very purpose of causing harm.'" Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999) (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078 (1986)). In determining whether force was applied maliciously and sadistically for the very purpose of causing harm, courts look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell, 169 F.3d at 1375 (internal quotation marks omitted). Objectively, a plaintiff must prove that a requisite amount of force was used against him. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson v. McMillian, 503 U.S. 1, 10, 112 S.Ct. 995, 1000 (1992) (citation omitted). Thus, we have required that the plaintiff suffer more than a de minimis injury, Johnson, 280 F.3d at 1321, while remaining mindful of the fact that a significant injury is

4

not required to establish an Eighth Amendment violation, <u>Hudson</u>, 503 U.S. at 8-10, 112 S. Ct. 995, 999-1001.

Because we must view the facts in the light most favorable to the plaintiff at the summary judgment phase, we will summarize the facts as presented by Smith. According to Smith, officers came to his cell after hearing him discussing an earlier disciplinary incident with another inmate through a vent between cells. He alleges that he submitted to being handcuffed and shackled. At that point, Vavoulis and Bors pushed him up against the wall and began beating him. He alleges that he was elbowed in the back of the head and that Valvoulis grabbed his legs, causing him to fall face first onto the floor. Once on the floor, he claims he was punched in the head, that Bors kicked him, and that Valvoulis opened his eyes and sprayed mace or pepper spray in his face. Smith claims that after he was removed from his cell, he was placed in a shower for 30 seconds to wash his face, but that his cuffs were not removed to allow him to wipe his face. As to injuries suffered, Smith claims that his wrists were cut, that he had "knots" on his head, that he was bleeding from the mouth, and was bruised from the kicks. He also claims he suffered a burning sensation from the mace. Smith admits that a nurse was called to examine him directly after the incident. According to her reports, Smith reported no injuries beyond the burning sensation from the mace and her

5

visual inspection revealed none. Smith alleges that she ignored his injuries and only asked him if the mace was bothering him. Smith also admits that all of his alleged injuries healed without treatment.

The district court did not err in concluding that under Smith's version of the facts, the defendants applied force not in "a good faith effort to maintain or restore discipline" but "maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. Smith concedes that he was interacting with another inmate. Based on previous disturbances Smith had created, those actions justified the defendants shackling him and removing him from his cell. According to Smith's deposition, however, when the defendants came to remove him from his cell, he calmly submitted to being shackled. At that point, the need for the application of any force, other than escorting Smith out of the cell, was very low. Smith claims that after calmly submitting to being shackled, the defendants set upon him, elbowing him to the head, throwing him to the ground, kicking him, and spraying him in the face with mace. Given the minimal need for additional force under Smith's version of the events, the amount of force applied necessarily appears inordinate compared to the need for force.

Turning to the objective component of the inquiry, we find this a closer question. According to Smith, in addition to the burning from the mace, he

suffered bruises, a deep cut on his wrist and swelling, and "knots" on his head. The attack also left him bleeding from the mouth. He stated that his wrists were so swollen that he could barely write. The nurse's report, taken roughly 10 to 15 minutes after the event occurred, shows that Smith reported no injuries to the nurse at that time. Smith contends that the nurse ignored his injuries. Although a significant injury is not required, by his own admission, Smith's alleged injuries healed without any medical treatment. Nevertheless, the injuries alleged by Smith are of a similar character to those suffered by the inmate in Hudson. In that case, the Supreme Court held that "bruises, swelling, loosened teeth, and a cracked dental plate, are not de minimis for Eighth Amendment purposes." 503 U.S. at 10. As in that case, the extent of Smith's alleged injuries, if proven, "provides no basis for dismissal of his § 1983 claim." Id.

Because Smith's version of the facts satisfies both the subjective and objective requirements for an Eighth Amendment violation, the district court did not err in denying the defendants motion for summary judgment. Upon review of the record on appeal and the parties' briefs, we affirm.

**AFFIRMED.**[2]

---

[2] Appellants' motion to file reply brief out of time is granted.